UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

ERNEST GENE MANN, )
)
      Plaintiff, )
)
v. ) No. 2:12-cv-123-HSM-SKL
)
SULLIVAN COUNTY SHERIFF'S )
OFFICE, )
)
      Defendant. )

**MEMORANDUM and ORDER**

Acting *pro se*, Ernest Gene Mann, a prisoner in the Sullivan County Detention Center, brings this civil rights complaint for damages under 42 U.S.C. § 1983, [Doc. 1]. Because the plaintiff is an inmate, he is **ASSESSED** the civil filing fee of $350.00.

**I.    Fee Assessment Procedures**

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk.    28 U.S.C. § 1915(b)(2).

**II.    Screening**

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to

state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

In screening complaints, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court examines the complaint in light of those requirements.

### A. The Plaintiff's Allegations

In his complaint, the plaintiff alleges that he filed a sick call request complaining of swelling and pain in his right ear and that, the next day, he was seen by a nurse who gave him ibuprofen and antibiotics. Four days later, he filed another sick call request regarding lingering pain in his ear, which was causing him sleeplessness and headaches. Again, he was seen by a nurse the next day. This time the nurse dug in his ear with a plastic implement and determined that his problem was wax buildup. The

2

plaintiff was seen a few more time and, on each occasion, a nurse would dig in his ear, which was so painful he cried. One time when he cried out, the nurse stopped the procedure, dispensed Tylenol to him, and sent him to his cell. When he complained a couple of days later about not being able to hear in that ear, another nurse dug in his ear. The plaintiff was asked to fill out a form to see an outside doctor, but he was never taken to see one. The nurses continued this course of treatment for the plaintiff's ear for at least a month and a half, and the plaintiff still is having pain and is unable to hear out of that ear.

The plaintiff charges that the nurses were not licensed to dig in patient's ears, and he seeks compensation for the loss of hearing in his right ear and the pain and suffering he has endured for a month and a half.

### B. Discussion

At the outset, the only defendant, the Sullivan County Sheriff's Office, is not a suable entity under § 1983, and thus, the allegations asserted against this defendant fail to state a claim for relief. *See Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (concluding that, for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a police department is not a suable entity).

The plaintiff's allegations concerning the conduct exhibited and the treatment given by the nurses cannot proceed further as it is well recognized that contentions of mere negligence will not entitle a plaintiff to relief under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986). The same is true of medical negligence. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (observing that "a complaint that a physician has been

negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). Where a prisoner receives some medical care and the dispute is over its adequacy, no constitutional claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

In the present case, the plaintiff was seen by medical care providers upon his requests, was given treatment for his ear problems, and received medications to treat his condition. Even though the plaintiff believes the treatment was not efficacious and that a hearing loss resulted, this type of claim would fit within a medical negligence tort and not in a suit for constitutional medical mistreatment.

The Court finds that the plaintiff has failed to state a viable claim in this regard.

## III. Conclusion

Because the plaintiff has failed to state a claim which would entitle him to relief under § 1983, this lawsuit will be dismissed sua sponte by separate order. Plaintiff will not be invited to amend his complaint because the noted deficiencies could not be cured even if such an opportunity were extended. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013).

**ENTER:**

                                                 */s/ Harry S. Mattice, Jr.*
                                                 HARRY S. MATTICE, JR.
                                                 UNITED STATES DISTRICT JUDGE